**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Arthur Almendarez, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No. 23-cv-3165 |
| | ) | |
| Victor Switski, Geri Lynn Yanow, as Special | ) | Judge Matthew F. Kennelly |
| Representative for James Hanrahan and Jack | ) | |
| Lumsden, Leroy Almanza, Marjorie O'Dea, | ) | |
| Thomas Jones, Daniel Centracchio, James | ) | |
| Capesius, Tony Jin, Alan Osoba, Mark | ) | |
| Scheithauer, Robert Gall, Joel Leighton, the | ) | |
| City of Chicago, and unknown employees of | ) | |
| the City of Chicago, | ) | |
| | ) | |
| *Defendants*. | ) | |

## AGREED ORDER OF DISMISSAL AS TO CITY DEFENDANTS

This matter coming before the Court on the Stipulation of Plaintiff, Arthur Almendarez, by his attorneys, Loevy & Loevy; Defendant City of Chicago, by its attorney, Mary B. Richardson-Lowry, Corporation Counsel of the City of Chicago; and Defendants Victor Switski, Leroy Almanza, Majorie O'Dea, Thomas Jones, Daniel Centracchio, Tony Jin, Alan Osoba, Geri Lynn Yanow, as Special Representative for Mark Scheithauer (deceased), James Hanrahan (deceased), Ronald Gall (deceased), and Jack Lumsden (deceased), and Alan Capesius, as Personal Representative of the Estate of James Capesius, by their attorneys, Hale & Monico LLC, Special Assistant Corporation Counsel, (collectively with the City of Chicago, "City Defendants"); and the parties have entered into a Release and Settlement Agreement and Stipulation to Dismiss, the Court being otherwise fully advised in the premises, orders as follows:

All the claims of Plaintiff, Arthur Almendarez, against Defendants City of Chicago, Victor Switski, Leroy Almanza, Majorie O'Dea, Thomas Jones, Daniel Centracchio, Tony Jin, Alan Osoba,

Geri Lynn Yanow, as Special Representative for Mark Scheithauer (deceased), James Hanrahan (deceased), Robert Gall (deceased), and Jack Lumsden (deceased), and Alan Capesius, as Personal Representative of the Estate of James Capesius are hereby dismissed without prejudice, to be automatically converted to dismissal with prejudice 75 days from the entry of this order, unless a party has moved to extend this date prior to the expiration of the 75 days. Each side shall bear its own costs and attorneys' fees.

ENTER: _____
Honorable Matthew F. Kennelly
United States District Judge

Date: May 23, 2025